IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIE LANE and RICHARD LANE,** | |
| **Plaintiffs,** | |
| v. | Case No. 19-CV-00674-SPM |
| **DIRECT ENERGY SERVICES, LLC,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On June 21, 2019, Plaintiffs Julie Lane and Richard Lane brought this action, which now alleges a singular claim for unfairness against Defendant Direct Energy Services, LLC's ("DES") under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Doc. 56). Earlier, the Lanes also alleged claims against DES for deceptive practices under ICFA, breach of contract, and breach of implied covenant of good faith and fair dealing, but the Court dismissed those claims by order after DES filed a memorandum in opposition to the Lanes' motion for leave to file an amended complaint (Docs. 44, 49, 55). Pending before the Court is DES's Motion to Dismiss and memorandum in support of dismissal (Docs. 57, 58), which states that ICFA's safe harbor provision bars the Lanes' ICFA unfairness claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (citing *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Before addressing the safe harbor provision, the Lanes claim that the law-of-the-case doctrine prevents DES from bringing this new safe harbor argument since it has already had the opportunity to bring the argument in its previous memorandum in opposition to the Lanes' motion for leave to file an amended complaint, which used the same standards as a FED. R. CIV. P. 12(b)(6) motion to dismiss. In this way, the Lanes paint DES's Motion to Dismiss as a motion for reconsideration. But, "as a prudential doctrine, the law of the case doctrine is discretionary rather than mandatory." *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 710 (7th Cir. 2016) (collecting cases). So, while this Court does not generally consider arguments not presented, or grant reconsideration of issues already decided, sound practice and an interest in judicial economy dictates that this Court exercise its discretion and consider the newly–raised safe harbor argument.

The ICFA safe harbor provision "bars a plaintiff's claim when (1) 'a regulatory body or officer [is] operating under statutory authority,' and (2) 'the action . . . at issue is 'specifically authorized by laws administered' by the regulatory body." *Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 932 (N.D. Ill. 2015) (citing *Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 36 (Ill. 2005). The Lanes use the Electric Service Customer Choice and Rate Relief Law of 1997 ("the Act") to claim unfairness under ICFA by alleging that DES offended the public policy goals of the Act when providing residential electricity services to them. The Lanes acknowledge

in their Second Amended Complaint ("SAC") that the Act deregulated the market for retail residential electricity supply and also gave the Illinois Commerce Commission statutory authority to promulgate regulations that protect consumers and their financial interests (Doc. 56, pp. 7-8). The SAC also states that the Commission then promulgated, and the Illinois legislature adopted, consumer protection regulations designed to protect Illinois consumers from deceptive business practices in the energy industry (*Id.*, p. 8).[1]

The question becomes whether DES's conduct (or lack thereof), which allegedly made it impossible for customers to make informed choices, was specifically authorized by the Commission. The word "authorized" in Section 10b(1) includes "formally promulgated trade regulation rules," but the "definition nor the statute itself limit the application of the provision to authorization via formal agency rulemaking." *Price*, 848 N.E.2d at 37. The word "'specifically' . . . describes the substance or content of the authorization." *Id.* at 38.

The conduct at issue does not involve making an affirmative statement. Instead, the Lanes allege that DES failed to disclose information which they claim should have been provided regarding transitional variable rates, variable rates, and pricing methodology. The Lanes allege that DES "obscures" its variable rate pricing methodology and transitional variable rates, thereby undermining "the public policy purpose of deregulation by making it virtually impossible for customers to make informed choices and benefit from competition" (Doc. 56, pp. 30-31). In doing so, the

---

[1] The SAC later details several disclosure rules under the Act promulgated with consumer protection in mind, but does not actually allege a violation of those rules. (*Id.*, p. 30-31).

Lanes seek to impose disclosures that are not required by the Commission's regulatory disclosure rules. This is clear because the SAC does not allege that DES, for example failed to provide a separate written notice of a variable-rate customer's upcoming rate change when the rate increases by more than 20% under Ill. Admin. Code tit. 83, § 412.165 or failed to maintain a customer call center under 220 Ill. Comp. Stat. Ann. 5/16-123. Through omission, the SAC indicates that DES followed the specifically authorized disclosure rules, providing DES with safe harbor.

Furthermore, the Court notes that it will not help lead the Lanes any further on a connect the dots mission to plead sufficient facts to state a claim that is plausible under FED. R. CIV. P. 12(b)(6).

Accordingly, the Court **GRANTS** Defendant Direct Energy Services' Motion to Dismiss (Doc. 57) and Plaintiffs Julie Lane and Richard Lane's ICFA unfairness claim is **DISMISSED with prejudice** due to futility. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:   April 26, 2021**

s/ *Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**
